**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                         **Case No. 8:08-cr-284-T-17TBM-1**

**FASAHA ANGAZA GREY,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant's Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis. (Doc. 146). Defendant seeks to appeal the Court's Order (Doc. 143) dated May 4, 2016, denying his Motion to Reconsider for reduction of his sentence pursuant to 18 U.S.C. § 3553(a)(b). (Doc. 140). His Motion includes a declaration attesting that he is unable pay the costs of an appeal. The affidavit is supported by a print-out of his prison account, which reflects that as of May 26, 2016, he had $8.37 available in his account. The government has not filed a response. As explained below, I recommend that the Motion be **denied.**

**A.**

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and
>
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a).

Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who

> submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> \*\*\*
>
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

**B.**

Before addressing the Motion, a brief overview of the course of proceedings is useful. Defendant was indicted on two counts: 1) conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, and 2) knowingly carrying a firearm in furtherance of a drug trafficking crime. (Doc. 24). In November 2008, following a jury trial, he was found guilty on both counts. (Doc. 91). On February 13, 2009, Defendant was sentenced to a total of 123 months incarceration (63 months on count one and 60 months on count two, consecutive) in accordance with the advisory sentencing guidelines. (Doc. 102). An appeal was taken from the Judgment. (Doc. 104). On November 10, 2009, the Eleventh Circuit affirmed. (Doc. 121).

In February 2015, subsequent to the adoption of USSG Amendment 782, Defendant filed a Motion for Retroactive Application of the Sentencing Guidelines Under 18 U.S.C. §

3

3582(c)(2).  (Doc. 127).[1]  The Federal Defenders Office ("FDO") was appointed to assist him. (Doc. 128).  In accordance with the practice in this district, the U.S. Probation Office submitted a memorandum wherein it concluded that Defendant was eligible for a three-month sentencing reduction under Amendment 782.  (Doc. 129).  By Order dated March 7, 2016, the Court granted Defendant a three-month sentence reduction (from 63 months to 60 months, the statutory minimum penalty) as to Count I.  (Doc. 139).

Thereafter, on March 28, 2016, Defendant filed a Motion to Reconsider [his] Sentence Pursuant to 18 U.S.C. 3553(a)(b) and In Light of Eric Holder's 2013 Policy Memorandum on Mandatory Minimum Sentences.  In short, he requested a twelve month reduction in sentence rather than the three month reduction granted by the court.  (Doc. 140). The Court denied the motion for reconsideration finding "the response of the government (Doc. 142) persuasive."  (Doc. 143).  In its response, the government asserted that Defendant's motion, mailed March 22, 2016, was untimely and the Court was without jurisdiction under Rule 35(a) to correct the March 7, 2016 Order.  (Doc. 142).  In any event, it asserted Defendant failed to show any purported misapplication of DOJ policy resulted from an "arithmetical, technical, or other clear error."  *Id.*  Moreover, it asserted the court has reduced his sentence under § 3582(c)(2) to the 60 month, statutory minimum penalty for his drug offense and is without authority to reduce the sentence further.  *Id.*

---

[1] Defendant filed a second Motion for Retroactive Application of the Sentencing Guidelines Under 18 U.S.C. § 3582(c)(2) on January 19, 2016.  (Doc. 136).

While Defendant's declaration evidences an inability to pay the filing fee, the Motion should nonetheless be denied on substantive grounds. Construed liberally,[2] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[3] Here, Defendant asserts no arguable, good faith basis to appeal the Court's Order denying his motion for reconsideration of sentence reduction. And, he alleges no grounds which would support the same. As for the rulings set forth in the challenged Order, on the facts considered and pleadings reviewed, there simply is no support for finding that the Court clearly erred.

In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his Motion, and I find his appeal both frivolous and lacking good faith.

**C.**

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Defendant's Motion for leave to proceed in forma pauperis (Doc. 146) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.

---

[2] The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[3] Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

                Respectfully submitted this
                15th day of June 2016.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B); M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of Record
*Pro se* Defendant